2-17-0004, people of the state of Illinois, plaintiff's plea, the Johnny C. Borizov and the defendant. Arguing on behalf of the defendant's attorneys, Mr. Christopher R. Bendick. Arguing on behalf of the plaintiff's attorneys, Ms. Frickman and Ms. Schwinn. Good morning, Counsel. And Mr. Bendick, whenever you are ready, you may proceed. May it please the Court. Good morning, Your Honors. Counsel, my name is Chris Bendick from the Office of the State Appellate Defender, and I represent the appellant, Johnny Borizov. Johnny's pro se post-conviction petition alleged a constitutional violation with an arguable basis in fact and law that his appellate attorney performed ineffectively when he failed to raise the trial court's error in not excusing Juror 189, a close church friend of the Kramer's first cousin. How is the trial court supposed to know that that was the one claim that Mr. Borizov was making in his post-conviction petition? In fact, we are not saying that that was the one only claim that Mr. Borizov was raising in his pro se post-conviction petition. That is the only one that we're raising in appeal that we believe has an arguable basis in fact and law. Well, so if I'm a defendant who has been convicted, I can send a post-conviction petition to the trial court and say, my attorney objected numerous times, and you overruled those objections. And if my appellate counsel had raised that as issues on appeal, I would have received a new trial. I'm attaching a copy of the transcript. That's enough. And if there's then a motion for a new trial which explicitly lays out all of those trial errors and then attaches the exhibit just like Johnny Borizov did in his case? In my hypothetical, I'm just saying my attorney made a bunch of objections that should have been sustained. You didn't sustain them. And if my appellate counsel had raised these issues, then I would have received a new trial, and I'm attaching a copy of the transcript. That's my hypothetical. Is that enough in a post-conviction petition? Is that specific enough for the trial judge? Because what happened here is the trial judge then had to go through the post-trial motion, 31 claims, ferret out which ones had merit, ferret out out of the ones that possibly had merit whether they were prejudicial. That's a lot of work for the trial judge, and I'm just wondering how much are we putting on the trial courts here by saying that that is enough in a post-conviction petition? Well, in your hypothetical, I would still argue that that would be enough to put the trial court on notice because it does put on notice all the errors that were objected to. But that's clear. We even have further. I think in his hypothetical, he doesn't identify the times. He just said, my attorney made a lot of objections. Which ones? In that situation, he's attaching the transcript and is identifying. So we have to go through the transcript. The trial court has to go through the transcript. Yeah. But in this case, you're only raising the one, the 189, juror 189. Yes. And just to reference what he specifically said in the pro se post-conviction petition is that his failure to raise issues that were objected to at trial and filed in the motion for a new trial prejudiced my appeal and was the result of it being denied. I just find it attaches the motion for a new trial as an exhibit. It lays out the arguments. Explicitly. I mean, it is a very detailed, in my practice from more than 10 years, I haven't seen a motion for a new trial that's been more explicit than this one here, which lays out all the claims. Isn't it true that appellate counsel did raise a number of those issues on appeal? Appellate counsel raised several instances of prosecutorial misconduct. But that doesn't mean that Johnny's not raising those again. They would be registered to CADA, of course. But further, Johnny puts in the motion for a new trial that his failure to raise issues that were objected to at trial and filed in the motion for a new trial prejudiced my appeal and was the result of it being denied. Then it attaches it as an exhibit. If appellate counsel had raised issues he failed to raise, it would have likely caused the appellate court to grant a new trial. So that's another layer that the trial judge has to look at these, then figure out which ones of these were not raised and which ones were raised. So you've got to look. So the trial judge now has to look at the motion for a new trial and look at the appeal that was filed in our decision, apparently, and then decide which ones were raised and which ones weren't raised, and then focus on the ones that weren't raised, and then focus on whether they were prejudiced. Well, that's, in any post-conviction petition, the trial judge would have to do the same to ferret out which ones were res judicata and which were not. And here he's explicitly attaching the motion for a new trial as an exhibit. The State has pointed to absolutely no case where this would not be sufficient to put a court on notice. The two cases they cite, Jones, the petitioner solely alleged that, quote, he was denied his right to effective assistance of counsel guaranteed by the pro forma documents. He didn't allege any sort of specificity with the information or allegations, and provided no supporting documentation, unlike Johnny did. In Mars, this court held that a pleading must bear some relationship to the issue raised on appeal. There, the claim on appeal was direct appeal of counsel's ineffectiveness for failing to raise compulsory joinder and speedy trial right violations. Where the petition raised something different, trial counsel's ineffectiveness for failing to challenge an indictment. And I asked this court, I turned this court to a decision in Thomas, where it rejected a similar argument by the State about forfeiture. There, the petition and the claim on appeal alleged appellate counsel's ineffectiveness for not arguing that the error occurred in the exclusion of the minor statement. The petition blamed trial counsel for not corroborating the statement. While the claim on appeal alleged the trial court error in excluding the minor statement to, it was a confession to a chaplain, this court rejected the State's forfeiture argument because the petition contained the necessary facts to support the claim on appeal. And that's exactly what his petition here does. It references the motion for a new trial. It says, these claims that weren't raised on direct appeal, I would have gotten a new trial had appellate counsel done his job and raised those. All right. The appellate brief addressed, or the appellate argument addressed prosecutorial misconduct, which roughly might have involved four to six of the allegations in the post-trial motion. About that. And the trial judge ruled on that at the trial. And then so what you're saying is that whether they have, whether the remaining issues have relevance or not, or are valid or not, they still must be brought and argued even though the record might belie the issues? And in this case, Juror 189, I think, she was questioned. She brought it up after she was chosen. She was thoroughly questioned. She had a couple, as I would maybe interpret them, ambiguous answers to which the judge says, no, you will avoid. She said, I will try to avoid. She said, and he said, you will avoid. And she said, yes, I will. And she also says something to the effect, I believe I can. And he says, no, you must put those, you know, put this friendship such as it is aside. So what value would that have had on this post-conviction petition or on the appeal, the first appeal? So in assessing whether Juror 189 was implicitly biased in this case, we're not raising actual bias because it's unnecessary to look at anything that The only thing you look at is the relationship between the offending juror and the family member or friend. Are you conceding that the record does not support a claim of actual bias? We are not raising a claim of actual bias in this. So you're saying the bias is as a result of a relationship? It has to be in an implied bias situation. In People v. Cole, Illinois Supreme Court stated, certain relationships which may exist between a juror and a party that are so directed that a juror possessing the same will be presumed to be biased and therefore disqualified. In such a case, it is not necessary to establish that bias or partiality actually exists. The Supreme Court has said that a defendant is due a panel of impartial and indifferent jurors. Any doubts regarding a juror regarding implied bias must be resolved against that juror. Disqualification is mandatory in an implied bias situation. So a friend from church, this isn't a particularly small town, but I'm going to present a hypothetical. It's a town of 300 people, many of which are up in this area. You might not be familiar being from Chicago, but there are a lot of 300 population towns. Well, that's still pretty big from what I'm thinking. For sure. I'm thinking about Hebron, Capron. They've got 310 people. I drove through one of them yesterday, and it probably had two churches. If you go to church with anybody who might be on that, if you're a juror and you go to church with somebody, you can't be on a jury that relates to something, a family member of that friend or that acquaintance from church? No, the case law doesn't say that at all back in this Court. But you're talking about relationship. We are. So in Strawbridge, this Court analyzed whether the juror and the victim knowing each other from church. I think it was a victim's, not victim's group, a teen church group. Group one was an older group. They knew each other in passing, and this Court said the fleeting nature of relationship, just because they knew each other at church, doesn't make it a close relationship. Here, juror 189 searched her heart all weekend after realizing, oh my goodness, my close church friend is the first cousin of the decedents. She went into court that Monday morning and had to inform the Court about her bias. And did the right thing. She did the right thing. I mean, this is, what happened here is the trial court did the wrong thing and should have excused this juror when it was confirmed, this is a close church friend. I turn this case, this Court, to State v. Brown, which is Louisiana Supreme Court case. The trial court there was found to have erred in not granting a motion to strike the prospective jurors for cause. There, the prospective juror knew the victim's parents, and her son dated the victim one or two times, and the daughter had classes with the defendant. Another juror played baseball with the victim's son. The juror's son played baseball with the victim's son and hosted a party for their teen parents. There, the Louisiana Supreme Court stated, when a prospective juror admits to having a personal relationship with the victim or the victim's family, it is unrealistic to believe the juror to be impartial in his or her deliberations concerning the defendant's guilt or innocence. It is a level of degree. I mean, if it's a second or third cousin once removed, I mean, is that the same as in these cases? I mean, Brazelton was the – the juror was the second cousin of the victim. In Parmley, the juror was the murder victim's friend. Now, when we get to Brown and Halliman, we're talking about the juror was a friend of the victim's father, but there were also other relationships there. Here we're talking about two different relationships, the juror to the church friend and then the church friend to the victim. The church friend to the victim here was the first cousin, not a father, not an immediate family member. And then the relationship between the juror and the church friend, the juror herself said, I mean, she is not my closest friend, let's put it that way. I mean, it doesn't sound like they're the best of buddies. I have to disagree with the assessment regarding the closeness of relationship between Juror 189 and the Kramer's first cousin because she's the one that reported to the bailiff close church friend, and three times the trial court used that phrase, close church friend, and not once did Juror 189 say, no, you know what? She's not even a close friend. I know we're at church like in the Strawbridge case or in Porter where we don't even know if the juror knew the victim's mother at all. And I should point to this court, three out of seven justices would have reversed merely on that fact alone in Peabody-Porter. The reason why a fourth justice or more didn't join on is because there wasn't more specific evidence in that case of the closeness of the relationship between the juror and the victim's mother. Here we do have that evidence. We have it out of her own mouth. They see each other at church. We know that they're a close friend through church. And so what does that mean? Is this her only friend? Is this the person that she talks to about her problems? Do we have enough evidence in this case to determine that there's a problem here? I think based on the record, appellate counsel is arguably ineffective, both on the facts and the law, for not bringing this issue up on direct appeal. Because we know the state doesn't debate this at all. If the juror was implicitly biased, that's a new trial. You don't get around it. There's no harmless here. Regardless of what stage, I think in the cases that you've cited, were at different stages in the trial when this was discovered. Like in this case, it wasn't at jury selection. You were in the trial, correct? Well, we're actually kind of in a weird period, right? I mean, given the facts of this case, Juror 189 didn't even realize that her close church friend was the first cousin of the Kramers until she's on the jury. No one, you know. The defense had a remaining peremptory. Later on affirms, I would have used this had I known she was the close church friend. And so we're at the point where in between jury selection, we're in between opening statements. So there's this weird in-between land. But other cases have similarly found that, like I've heard people report, that was at a motion for new trial stage where they learned about the problem. Here, we're learning about it way before evidence is even presented. And I turn this Court to People v. Parmley. In the special concurrence, do you mind if I continue, Your Honor, to answer the question? You can finish your question, yes. Thank you. Or finish your answer part. In People v. Parmley, the special concurrence noted the lack of any sort of prejudice to the Court because it would have been negligible. There was alternatives available and no evidence had yet been presented. We had three alternates just sitting there waiting if there were other problems that came up. And, in fact, you had another juror who really didn't want to be a juror, and they let him off just after Juror 189 was allowed to remain. That was aired by the trial court under the implied bias doctrine. And it was arguably, in fact, in law, sufficient performance for the appellate counsel not to raise this issue on direct appeal. Your Honor, do you have any further questions at this time? Not at this time, thank you. You'll have an opportunity to respond or reply if you wish. Thank you, Your Honor. Ms. Schwinn. Ms. Schwinn, what would the harm have been at that stage in the proceedings to let that juror go and replace her with an alternate? May it please the Court, just for the record, my name is Kristen Schwinn and I represent DuPage County, the appellee in this case. I think looking at the harm really kind of obscures the issue, which is here whether or not this tangential relationship is such that it is per se biased without looking at anything else. And I think in Your Honor's questioning of opposing counsel, well, he said this isn't an actual bias, so per se is kind of an interesting term. I think that would be more actual. But the reason why I say per se is that you're just looking at the relationship. You're not looking at, as opposing counsel says, you're not looking at her statements. You're not looking at whether or not she says she can follow the zero principles. You're looking solely at her relationship. So to me, that is a per se bias. And that's why it's very difficult, the difference between the actual and implied bias here. And, you know, it is interesting. I believe, Justice Hutchinson, you might have brought up just a couple moments ago, you know, the juror did not realize that she had this connection to the case until after she overheard several people talking, not this friend, but several people talking at a church function. But she had heard that before the trial, but then it all came together once she heard.  I apologize, Your Honor. I believe during Brontier, she had said that she had heard two years ago mention of this case. There's nothing in the record that says that she had heard that her friend is related to this case or any of that nature. But as the Supreme Court stated in Porter, there, the juror did not recognize that there was some tangential connection. And that's just the same here. And when you look at closeness, it's difficult to say that she's so close, yet she had no idea that there was this person. So she recognized it at one point. She recognized, she said she recognized it, and then she put two and two together and assumed. And we're talking, you know, there's much being made of the fact that she is a close friend. I will just note for the record that that is the court's characterization and the deputy's characterization of what the relationship was. Well, how do you suppose they came up with that? It's a reasonable inference. It could be one reasonable inference. I'll note on page 1840 of the record when she, the court asked, it indicated something about a close church friend of yours knowing somebody in that case. If I have that right, can you tell me what it was? She said it came up Saturday, but I did not realize the connection until Saturday. It is a friend of mine in church, and she is a first cousin of the victim. So she herself doesn't indicate close friend. And, in fact, later on in questioning, she said she's not her closest friend. She doesn't see her every day. She said she's not my closest. She's not my closest friend, right. And really, ultimately, it's an abuse of discretion. And the court there, the trial court was able to hear the juror's answers, was able to see the juror when she answered. And there's nothing in the record that sets forth that this was, I guess, the manifest weight of the evidence presented. There's, as the people stated in the brief, both this court's analysis in Strawbridge and the Illinois Supreme Court's decision in court support that these tangential connections are insufficient to say that this juror is disqualifying. And I will note that in both Strawbridge and Porter, and several of the other cases cited, the court did consider the statements that a juror could file as their principles in factoring its analysis as to whether or not it was inappropriate to keep the juror on. Let's not conflate actual prejudice and implied prejudice. Correct. I mean, certainly, is there a principle of actual abuse of discretion? Are we in a different ballpark now with implied? And another question is, if you're talking about tangential relationship, what relationship are we talking about? Are we talking about between the juror and the friend at church, or are we talking about the friend to the victim? I would say the juror to the actual victim, because that's the argument here, which is— Well, who would she have to answer to? The juror to the actual victim? There is no relationship between them. You're correct. There is no relationship. And many of the cases that have found that there is a bias is that there is a specific relationship between the victim or some very nuclear part of the victim's family. Yeah, but in this, arguably, one of the arguments that is often brought up is you – there would be a bias because you would have to answer to that person for your decision. So who would she have to answer to, arguably? Arguably, I guess it would be her church friend. Her church friend. Sure. Not the victim. Not the victim. But when we look when the cases have shown, they looked at the connection between the actual parties and the juror and related to those parties. But nonetheless, here, there is a very limited connection. It's not an immediate family member. It is a cousin in which the juror did not even know herself had any relation to the parties. And the court extensively questioned the juror regarding this relationship. And then when the defendants moved to renew it, and then when they filed it in a motion for a new trial, there is a significant amount of litigation regarding this issue, and there was testimony from the juror. And based on an abuse of discretion and a manifest weight of the evidence, there's just nothing in the record that would suggest the disruption of the court's decision. And because there's nothing in the record to suggest that, appellate counsel was not ineffective for choosing not to bring up that decision. And it sounds like the state wouldn't mind a bright line here. Because you keep going, I think you've used nuclear family once. Sure. And you've referred to mother or parent once. But we don't have any such bright lines, do we? There is no specific bright line. I do believe that there is a – I believe this court in Strawbridge did state that Porter found that truly being members of the same church is not a disqualifying factor alone. I do note that many of the cases which opposing counsel cites in his brief talk about a nuclear family and familiar relationship to look at a bias. But, you know, the case says that you must look at all the evidence at that time for that particular juror. The state is not advocating for a bright line rule at this point. We believe under really the facts of this case, you know, this juror was not implicitly biased such that it should have been. What about the petition itself? I say simply because we're running out of time. Yes. It's simply attaching the post-trial motion, which has some specificity. But as relates to this count, if you look back at the record, that specificity really is minimal based upon what we actually have in the record. Sure. You know, as Your Honor and as Justice Burke did point out, you know, the defendant in filing his post-conviction petition really put the onus on the circuit court to discern what the issues are, which issues are meritorious and which issues should be raised. And it is true that at first stage it is a low threshold. We're not denying that it's a low threshold, but it is a threshold. And there must be some effort and some attempt by the defendant to set forward which issues are at issue in his post-conviction petition. And I would, you know, Justice Burke, your example of if the defendant just attached a transcript and said, hey, I want, you know, my appellate counsel didn't raise these issues that were preserved, and that's it. That is insufficient. The defendant must show which constitutional violation there is. The defendant here hasn't shown that. He just said, hey, look, come look at this motion for new trial. And even in his petition, he says many of which were significant. So he is acknowledging that not everything is meritorious. And, in fact, I believe, Justice Hutchison, as you mentioned, there were at least five of those issues raised on direct appeal. So there are non-meritorious issues. And the defendant wants the circuit court to go through the motion for new trial to determine which ones have merit, which ones were raised before, and then determine whether or not there is any other support in the record for them. That's just insufficient under the arguable basis in law bar, in fact. The attachment of it, though, it becomes part of the petition, doesn't it, attaching that as the exhibit? Sure, yes. Because if the defendant had simply taken the time to get up to the top right of the word processor and basically copied every one of those allegations, all 31 of them, and had a post-conviction petition and just put a word-for-word there and thrown it to the court, then it would be up to the court to go through each of those. Yes. And so, theoretically, it's the same thing here, isn't it? I would disagree because, in your example, the defendant is deciding that he believes those issues are the ones that have merit. Here, he's saying, I didn't receive appellate counsel, excuse me, effective assistance of appellate counsel, because he didn't raise all these issues, and some of these issues have significance. And some of these issues have significance. And, in fact, some of these issues were raised. So I believe that there is a difference. It's the defendant doing work, the work, versus making the court do the work for the defendant. And I believe that that is a significant difference. And that is not something that the post-conviction petition – excuse me, the Post-Conviction Hearing Act is for. You know, it is a – at this point, during a first-stage proceeding, it is a low threshold, but it is a threshold nonetheless. And the defendant must put forward some effort and some facts beyond a basic, I received ineffective assistance of appellate counsel. Or did they put – did he not put that forward with respect to Juror 189? Only if there is the ability to say, a blanket, my counsel was ineffective assistance of appellate counsel, and go look at the motion for a new trial. You know, if that – if that is all that it takes for the defendant to get to second stage, then there really isn't any – at this point, all a defendant has to do is attach any sort of objection, any sort of pleading from the trial court, and tell the court, hey, can you just review my case in its entirety, and you tell me if there's any issues, after the court has already litigated. In the actual motion to reconsider, when it – does it say it – well, I can picture generally what it says, but I don't recall it saying it violated – this violated my right to a fair and impartial jury. If you give me one second here or not, I will pull up the motion. I apologize. I'm not – well, I apologize for not bringing it in. It's a – quite a long record. Yes, it is. I understand. You know, Your Honor, I'm looking – the motion for a new trial that was attached starts on the record on page 1863, just for reference. I believe it just says the court erred in denying motion for cause, denying motion for cause, you know, erred in allowing. It is – it is a factual recitation of the objections raised during the course of the trial. And while there may have been litigation at the time of that motion to reconsider or arguments, things of that nature, does that stand, you know – should the trial court remember that? Well, first of all, is the trial court the same in both cases, in the trial and in the post-conviction? Yes, Your Honor. Okay. So there is some – we presume some general familiarity with it other than the specifics. Yes. All right. So is it likely that the judge took that into account as well as what he did earlier in the proceedings before the trial started in questioning this person in coming to this conclusion? I mean, is it reasonable to believe – I'm sorry. I'm not sure. Well, is it reasonable to believe that he remembered some of this? Oh, for the post-conviction? Yes. Your Honor, it might. But I would say that that is precisely the problem that you have when you just put forward a basic motion that you've already filed and say – and say, can you just review this? Well, the trial judge said it was bald and conclusory. Correct. And it did not give a basis for what any of the issues raised happened to be constitutionally. It just said, these are the problems. Fix them, essentially. Sure. And so are you saying that is not a sufficient post-conviction petition at first stage, which is where we are? Just to make sure I'm understanding your question, just because in the petition itself it just says, hey, there is ineffective assistance of appellate counsel and that's it. I would argue that, yes, that is a bald assertion and that was insufficient if the court properly found for an arguable basis in law. If there's no further questions, I'd ask that this court affirm the decision. Thank you. Thank you. Mr. Bendick, and while you're walking up, let me ask a question. You can think about it. When we say it is just a relationship that's the issue here, how do we disregard, I think it's Strawbridge, that being members of a similar church is not a sufficient relationship? Well, in Strawbridge and in Porter, the mere membership in the church did not create implicit bias. It was that factor plus the close friendship here. You combine those two. I mean, anyone that belongs to a church, there is a strong bond. Well, somewhere along the line, we assume that she told the bailiff, because it's not on the record that it's a close friend, other than the judge saying it, but she must have told the bailiff it was a close friend. When questioned, she says she is a friend and she is a member of the same church. Now are we talking about a bright line that you – it's not a problem that if you're both members of the same church, but if you, heaven forbid, have befriended a person in that congregation, now you cannot be fair. Is that what you're saying? What I'm saying on the facts of this case, where she reported to the bailiff, I think that's the fair inference here, that she's the one that reported close friendship. She's searching her heart all weekend and then realizing I have to tell someone, I have to tell the judge about my bias. And then the judge questioning her three separate times using that phrase, close friend. Juror number says, backs off. No, no, no, no. I'm not really that close. She did. She said she's not my closest friend. Not closest friend, but she didn't say she's not a close friend. I mean, we have – we all have tons of close friends. We have a closest friend. I mean, just by definition, it can only be one closest friend. So did I hear you say anyone who belongs to a church has a strong bond? It's just based on just church membership. That is a factor to consider. I think everyone that belongs to a certain congregation, there's a bond there. That doesn't mean it's a disqualifying bond, but it's a factor to consider. You mean a bond like, so you belong to a church that has 600 people and you don't know that person, but you have a bond with them because you belong to the same church? Is that what you're saying? There's the potential. Obviously, it was not enough in Strawbridge or in Porter. But I think you identified earlier, I don't know if it was in my questioning or it was in counsel's questioning, but who is the juror going to answer to after the verdict and say there was a not guilty verdict and has to go back to that congregation? Is that enough to make that juror, cause that juror not to be indifferent or impartial? But we throw on top of that here a close friendship. Again, this is an arguable basis as to why appellate counsel was ineffective for not raising this issue. And on the facts and on the law, the Pro Se Petition did demonstrate that. Well, and that's where we started with this, the petition. The petition attaches this, and as Justice Burke, attaches the post-trial motion as Justice Burke has indicated, it is now part of this petition. It's an exhibit to the petition. And the petition itself says there are issues of significant merit here. Which ones? Well, it also says the ones that weren't raised. It then goes on, the next two sentences, say the ones that weren't raised prejudice me. But then, so that's inconsistent. There are issues of significance here, but all those that weren't raised prejudice me. That's not with first sentences, so what's the judge supposed to do? Well, significant is not, I mean, there's no reversible term based on significant. He's judging it as a pro se litigant. These are significant issues that should have been raised, and saying the ones that were not raised prejudice me. Justice Burke identified this. Had he cut and pasted the same thing into a petition and didn't attach this exhibit, I don't think the State would be getting up here and saying it's not a petition, it's an exhibit. No, but then the trial judge would have had to have gone through each one of them in his order. And he does here. No, he doesn't. No, no, he should have. Well, no, but he didn't. He did not. No, and the reason he didn't is, and I'm trying to do something. If a reasonable trial judge looking at this petition very well may say, why do I have to do this, because the petition itself says the motion for new trial raised 31 points, many of which were significant. I read that as a trial judge, and I say, okay, which ones? Am I supposed to go through there and figure out for the defendant which ones are significant, and then, as I said before, once I figure out which ones are significant, then I have to figure, okay, maybe there's an arguable basis for deficient performance, but now I've got to weigh those on prejudice, and there's no specific argument on prejudice at each or any one of those. Correct? I mean, just basically a broad statement that the ones that weren't raised prejudiced me. That I would have received a new trial from this Court had they been raised. Right. And that, for a pro-State litigant, again, it is a fact-based pleading, right? The facts that he alleged were my appellate counsel was ineffective for not raising the issues in the motion for a new trial. It attaches the motion for a new trial as an exhibit, so it's incorporated by law. We've been all around that. Yeah. My question to you is, when you put the onus on the trial judge to decide which issues you are actually raising, if the defendant had cut and pasted and signed it and put all 31 in there, then the trial judge would know he thinks these 31 issues are important. That's what he's doing right here. There's no difference. No, because he said many of which are significant. He didn't say all of them were significant. And then it goes on. I point you to paragraph A and B, paragraph 7, subsection A and B. Right. And then he says, His failure to raise issues that were objected to at trial and filed in the motion for a new trial prejudiced my appeal and was a direct result of it being denied. Defendant attaches the motion for a new trial as an exhibit. At that point, Judge Garrett had to look through the motion for a new trial, determine which ones passed the first stage of review and which ones didn't. It's a pain in this situation because it's a 10,000-page record, as we all know, and it's a 31 very well-litigated motion for a new trial. But that doesn't relieve the circuit court from its duty to review this petition for what it's raising.  Sotomayor? This hypothetical, if this Court was given that type of a pleading. Of a pleading. And it was the one that was given. Would we be expected to go through the record and find? Well, this, if the defendant then said all of these claims? I'm just trying to make sure I answer the hypothetical at your expense. The same very nonspecific pleading that you're asking the trial court to comb the record for, would we be required to comb the record were the same type of pleading filed at the appellate court level? And if in the circuit court they addressed all the claims, or if in the circuit court the ---- In the circuit court they said, I'm not addressing the claims. And you came up here and said, okay, we want you to apply. We feel that these are the issues that are attached you should consider. Would you expect the appellate court to comb through the record just as you expect the trial court to do so? If it's ---- if the argument is raised that the claims in the motion for a new trial and there's some sort of argument that's presented sufficiently to give this Court what the claim is and what the harm is, sure. But I'm having a difficult time explaining it. I'm saying before we even get to argument, would you expect us to comb through the record to clarify what the defendant is trying to tell us? Absent briefing or is it an ---- Let me ask you this way because maybe I can help. If in fact you had argued that the trial judge erred in not addressing the 31 claims, you pick one out of 31, you pick one, okay, that you said has merit to get us to the second stage. So let's say the trial judge did what he did and then you just brief. Your brief basically says the trial judge erred in not addressing the 31 claims. Then would it be upon us to look at the 31 claims to determine whether or not they had merit and whether or not they were prejudiced? I think there's appellate decisions that would say that would not be sufficiently argued under I think it was the Supreme Court Rule 341, page 7 or something along those lines, right? This is entirely different than that Illinois Supreme Court Rule. This is he has attached the exhibit, attached the motion for a new trial as an exhibit as why my appellate attorney performed ineffectively. At that point, it's incumbent upon the trial court to review those claims. It's preserved. Remember, the constitutional claim here is appellate counsel's ineffectiveness. That claim is, of course, a petition that's clearly laid out. And the reason for it is he didn't brief the issues that were rejected to the trial and raised in the motion for a new trial. He attaches that in the exhibit. There's enough here on the facts and on the law for an arguable basis that this Court should remand the case for second-stage proceedings and the appointment of counsel. And if Your Honors have no further questions, we ask for the release of the questions of the briefs. Thank you, Your Honors. Thank you. Thank you, counsel, for your arguments and, Mr. Bennett, for your travel here. We will take the matter under advisement and we will issue a decision in due course. We're going to stand in about a 10-minute recess to prepare for our next case.